Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HARRINGTON, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE FAIR** |
| v. | ) **DEBT COLLECTION PRACTICES** |
| | ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| COLLECTIBLES MANAGEMENT | ) **2. VIOLATION OF THE** |
| RESOURCES, | ) **ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT,** |
| Defendant. | ) **CAL. CIV. CODE §1788 ET. SEQ.** |
| | ) **3. VIOLATION OF THE** |
| | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 47 U.S.C. §227** |
| | ) |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT

PATRICIA HARRINGTON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COLLECTIBLES MANAGEMENT RESOURCES ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA,") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Fresno, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 2665 N Air Fresno Drive, Suite 101, Fresno, CA 93727.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. Upon information and belief, the alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

12. Beginning in February and March 2012, Defendant's collectors placed repeated harassing debt collection calls to Plaintiff's home telephone.

13. Upon information and belief, Defendant also placed calls to Plaintiff's cellular telephone.

14. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

15. Over the period that Defendant was contacting Plaintiff, upon information and belief, Defendant called Plaintiff several times on her cellular phone using a pre-recorded, computer recorded, or automated message.

16. Plaintiff did not consent to the placement of collection calls to her cellular telephone by Defendant or the creditor that placed the account with Defendant for collection.

17. Defendant's harassing collection calls derived from numbers including, but not limited to (559) 454-8900 and (800) 845-8457. The undersigned has confirmed that these numbers belong to Defendant.

18. Defendant was attempting to collect an amount allegedly due to an apartment complex when Plaintiff was a tenant at the complex.

19. Plaintiff last lived in the subject apartment complex in 1995, she moved out at the end of her lease, and did not owe the original creditor, Shaw Gardens, any money at the end of her lease.

20. In its attempts to collect the alleged debt, Defendant regularly called Plaintiff multiple times in a single day.

21. Plaintiff told Defendant that she refused to pay this debt.

22. However, despite Plaintiff's refusal to pay, Defendant continued to contact Plaintiff. It is averred that such an action by Defendant could only have been done to harass Plaintiff.

23. When Plaintiff would pick up the phone to speak with Defendant, she

- 4 -

PLAINTIFF'S COMPLAINT

was met with a female representative, "Ms. Hall," that told her if she did not pay the subject debt, legal action would be taken against her.

24. "Ms. Hall" also threatened to take Plaintiff's mobile home and to file a lien against her property.

25. However, no such lawsuit was ever filed or any such lien was ever placed against Plaintiff's property.

26. As such, it is averred that Defendant never intended to take such actions against Plaintiff, but only was done in an attempt to coerce payment from Plaintiff.

27. Plaintiff eventually had enough of Defendant's harassment, and told its collectors to leave her alone.

28. However, despite Plaintiff's request, the calls from Defendant continued.

29. Defendant also called and spoke with Plaintiff's daughter, Pamela, and told her that her mother owed a debt and that legal action would be taken against her if she did not pay the alleged debt.

30. Further, Defendant had also been deceptive with Plaintiff in that its collectors often called Plaintiff without identifying themselves as debt collectors attempting to collect a debt.

31. Additionally, Defendant never sent Plaintiff a written notice of her right to dispute the debt and/or to demand verification thereof, within five (5) days

of the first communication.

32. Defendant's actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff for the alleged debt.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(b) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

33. Section 1692c(b) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party except for reasons expressly given under § 1692(b) without the prior consent of the consumer.

34. Defendant violated § 1692c(b) of the FDCPA when it spoke with Plaintiff's daughter and revealed the fact that her mother owed a debt.

**COUNT II**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

35. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

36. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after she told Defendant to stop calling her, when it threatened Plaintiff with a lawsuit and the placement of a lien on her property, when it called and spoke with Plaintiff's daughter and revealed to her that Plaintiff owed a debt, when it was deceptive with

Plaintiff in that its collectors often did not identify themselves as debt collectors seeking to collect a debt, and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

38. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(6) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

39. Section 1692d(6) of the FDCPA prohibits debt collectors from making the placement of telephone calls without meaningful disclosure of the caller's identity.

40. Defendant violated section 1692d(6) of the FDCPA when its representatives called Plaintiff in relation to the subject debt but failed to identify themselves as debt collectors seeking to collect a debt.

## COUNT V
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

41. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

42. Defendant violated § 1692e of the FDCPA when it was deceptive and misleading when its collectors failed to identify themselves as debt collectors to the Plaintiff, when it threatened to bring a lawsuit against the Plaintiff, seize her mobile home, and file a lien against her property when it had no intention of taking these actions, and when it made other false, deceptive or misleading representations.

## COUNT VI
## DEFENDANT VIOLATED § 1692e(2)(A) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

43. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making the false representation of the character, amount, or legal status of any debt.

44. Defendant violated § 1692e(2)(A) when it attempted to collect a debt from Plaintiff that she did not owe.

## COUNT VII
## DEFENDANT VIOLATED § 1692e(4) OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

45. Section 1692e(4) of the FDCPA prohibits the representation or implication that nonpayment of any debt will result in the garnishment of any property or wages unless such action is lawful and the collector intends to take such action.

46. Defendant violated section 1692e(4) of the FDCPA when it told Plaintiff that it would take Plaintiff's mobile home and file a lien against her property, when it lacked the intention to do so.

## COUNT VIII
## DEFENDANT VIOLATED § 1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

47. Section 1692e(5) FDCPA prohibits debt collectors from threatening to take an action that cannot legally be taken or which is not intended to be taken.

48. Defendant violated § 1692e(5) of the FDCPA when it threatened to bring a lawsuit against Plaintiff, to take her mobile home, and to file a lien against her property when it had no intention of taking any of these actions.

## COUNT IX
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

49. Section 1692e(10) of the FDCPA prohibits debt collectors from using

- 9 -

PLAINTIFF'S COMPLAINT

any false representation or deceptive means to collect or attempt to collect a debt.

50. Defendant violated § 1692e(10) of the FDCPA when it was deceptive and misleading when its collectors failed to identify themselves as debt collectors to the Plaintiff, when it threatened to bring a lawsuit against the Plaintiff, seize her mobile home, and file a lien against her property when it had no intention of taking these actions, and when it made other false, deceptive or misleading representations.

## COUNT X
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

51. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

52. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after she told Defendant to stop calling her, when it threatened Plaintiff with a lawsuit and the placement of a lien on her property, when it called and spoke with Plaintiff's daughter and revealed to her that Plaintiff owed a debt, when it was deceptive with Plaintiff in that its collectors often did not identify themselves as debt collectors seeking to collect a debt, and when it engaged in other harassing or abusive conduct.

## COUNT XI
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

53. Section 1692g(a) of the FDCPA states that within five days after the initial communication with the consumer in connection with the collection of a debt, the collector will send the consumer the name of the original creditor, as well as a written notice stating that if the consumer notifies the collector in writing within 30 days that he or she disputes the debt, that the collector will obtain verification of the debt or a copy of the judgment and mail a copy to the consumer.

54. Defendant violated § 1692g(a) of the FDCPA by failing to provide Plaintiff with written notice of her right to dispute the debt or to demand verification thereof within five (5) days of its first communication with Plaintiff.

## COUNT XII
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

55. In its actions to collect a disputed debt, Defendant violated Cal. Civ. Code §1788.17, which mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

## COUNT XIII
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

56. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

57. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

58. Despite the fact that Plaintiff never consented to Defendant making calls to her cellular phone, upon information and belief, Defendant placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

59. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

60. Here, upon information and belief, Defendant regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a computer generated, pre-recorded or artificial voice.

61. Defendant did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

62. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, PATRICIA HARRINGTON, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

   d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

   e. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. § 227 (c)(5)(B); and

   f. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PATRICIA HARRINGTON, demands a jury trial in this case.

                                                  RESPECTFULLY SUBMITTED,

DATED: April 4, 2013          KIMMEL & SILVERMAN, P.C.

                                      By: /s/ Amy L. Bennecoff
                                         Amy L. Bennecoff (275805)
                                         Kimmel & Silverman, P.C
                                         30 East Butler Pike
                                         Ambler, PA 19002
                                         Telephone: (215) 540-8888
                                         Facsimile (215) 540-8817
                                         Email: abennecoff@creditlaw.com
                                         Attorney for Plaintiff